## UNITED STATES DISTRICT COURT
### DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA**
**Plaintiff**

**v.**

Case Number 4:01cr109

USM Number 15067-047

**ABBOTT DAVIDSON**
**Defendant**

Alan G. Stoler

Defendant's Attorney

_____

## JUDGMENT IN A CRIMINAL CASE
### (For Revocation of Probation or Supervised Release)

**THE DEFENDANT** admitted guilt to violation of the terms of supervision of Standard Conditions #3, #5, Special Condition #5, #6 and the condition of supervision which states the defendant shall pay restitution in the amount of $290,618.25.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1. Bullet Points 1 and 2 Standard Condition #3 | The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. | January 27, 2005 |
| 2. Bullet Point 2 Standard Condition #5 | The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons. | March 29, 2005 |
| 3. Bullet Point 4 Special Condition #5 | The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without prior approval of the U.S. Probation Officer. | December, 2004 |
| 4. Bullet Point 1 Special Condition #6 | The defendant shall provide the probation officer with access to any requested financial information | May, 2005 |
| 6. Condition of supervision | The defendant shall pay restitution in the amount of $290,618.25 to the Clerk of the U. S. District Court, 111 South 18h Plaza, Suite 1152, Omaha, NE 68102-1322. | May, 2005 |

Original Offense: Mail Fraud in violation of 18 USC 1341

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

All remaining allegations of the Petition for the Offender Under Supervision [19] are dismissed on the motion of the United States .

Following the imposition of sentence, the Court advised the defendant of his right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within ten (10) days of this date.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:
August 5, 2005

s/ Richard G. Kopf
United States District Judge

August 11, 2005

Defendant: ABBOTT DAVIDSON                                                                      Page 3 of 8
Case Number: 4:01cr109

## IMPRISONMENT

It is ordered that the term of supervised release is revoked.  The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **six** (**6**) **months**.

The Court makes the following recommendations to the Bureau of Prisons:

1.      That the defendant be incarcerated at the **camp at Leavenworth, Kansas.**

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons **before 2:00 P.M. on October 14, 2005,** as notified by the United States Marshal.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this _____ day of _____, _____

_____
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the _____ day of _____, _____ to _____, with a certified copy of this judgment.

_____
UNITED STATES WARDEN

By:_____

**NOTE: The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt, above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this _____ day of _____, _____

_____
UNITED STATES WARDEN

By:_____

Defendant: ABBOTT DAVIDSON
Case Number: 4:01cr109

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **thirty (30) months**.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1.   The requirement of 18 U.S.C. 3583(d) or 18 U.S.C. 3563(a)(4) regarding drug testings, that is, testing within fifteen (15) days of commencement or supervision and to at least two (2) periodic drug tests thereafter, is suspended until further order of the Court because the Presentence Investigation Report on the defendant and other reliable sentencing information indicates a low risk of future substance abuse by the defendant.

2.   The defendant will engage in no employment that permits him to have access to money or access to monetary accounts.

3.   The defendant shall be subject to the search of the defendant's premises, vehicle or person, day or night, with or without a warrant, at the request of the United States Probation officer to determine the presence of controlled substances, firearms or any other contraband. Any such items found may be seized by the United States Probation officer. This condition may be invoked with or without the cooperation of law enforcement officers.

4.   The defendant shall complete **250 hours** of community service as approved and directed by the United States Probation Officer. The defendant shall be responsible for providing the United States Probation Officer with written proof of the number of hours completed.

5.   The defendant is prohibited from incurring new credit charges or opening additional lines of credit without prior written approval of the U.S. Probation Officer.

6.   The defendant shall provide the U.S. Probation Officer with access to any requested financial information.

7.   The defendant will inform the probation office of any change in his economic circumstances affecting his ability to make monthly installments as ordered by the Court. The defendant will inform the probation officer of any change in his economic circumstances meriting an increase in the monthly payment amount. In the event that the defendant is able to make full or substantial payment toward the remaining restitution, he shall do so immediately.

8.   The defendant is restrained from transferring any real or personal property, unless is it necessary to liquidate and apply the proceeds of such property as full or partial payment of the criminal monetary penalty.

9.   The defendant shall report to the Supervision Unit of the United States Probation Office for the District of Nebraska between the hours of 8:00am and 4:30pm, 111 South 18th Plaza, Suite C79, Omaha Nebraska, (402) 661-7555, within seventy-two (72) hours of release from confinement.

## SPECIAL CONDITIONS OF SUPERVISION CONTINUED

10.     The defendant shall comply with paragraphs numbered 2, 3 and 4 of the plea agreement tendered to the Court at the time of sentencing.

11.     The defendant shall pay $2,000 per month or 20 percent of his gross income, whichever is greater, from this day forward.

12.     The defendant shall not work at an auto industry without the permission of the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1.      The defendant shall not commit another Federal, state or local crime;
2.      The defendant shall not leave the judicial district without the permission of the court or probation officer;
3.      The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4.      The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5.      The defendant shall support his or her dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
6.      The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7.      The defendant shall notify the probation officer at least **ten (10) days prior** to any change in residence or employment;
8.      The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9.      The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered or other places specified by the court;
10.     The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11.     The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12.     The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;
13.     The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14.     As directed by the probation officer, the defendant shall notify third parties of the risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

15.     The defendant shall not own, possess or control any firearms or ammunition, destructive devices or dangerous weapons;

16.     The defendant shall pay any special assessment, fine, or restitution obligation imposed by this judgment that remains unpaid at the commencement of the term of probation or supervised release in accordance with the payment schedule of criminal monetary penalties set forth in this judgment; and

17.     The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

These conditions are in addition to any other conditions imposed by this Judgment.

Defendant: ABBOTT DAVIDSON                                                    Page 7 of 8
Case Number: 4:01cr109

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 (PAID) | $12,000 (PAID) | $290,618.25 (Balance of $220,908.25 remains) |

## RESTITUTION

Restitution in the amount of **$290,618.25** is hereby ordered.  The defendant shall make restitution to the following payee in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column above.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Apollo Auto Sales, Inc. 630 Broad Street Cumberland, Rhode Island   02864 | $290,618.25 | $290,618.25 | |
| **Totals** | $290,618.25 | $290,618.25 | |

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for Offenses committed on or after September 13, 1994 but before April 23, 1996.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. § 3664(f)(3)(B), the court orders nominal payments and this is reflected in the Statement of Reasons page.

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; () restitution; (3) fine principal; (4) costs of prosecution; (5) interest; (6) penalties.

Payment of the total fine and criminal monetary penalties shall be due as follows:

[X]     **Special Assessment of $100 and Fine in the amount of $12,000, have been paid.**

[x]     Restitution - **In monthly installments of $2000.00 or twenty percent of the defendant's gross income, whichever is greater, from this day forward.** In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

All financial penalty payments are to be made to the Clerk of Court for the District of Nebraska, 111 So. 18th Plaza, Suite 1152, Omaha, NE 68102-1322.

**Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):**

[x]     The restitution shall not bear interest.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.

---

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk